**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Dish Network Service LLC, ) | |
| ) | **ORDER DENYING PLAINTIFFS'** |
| Plaintiff, ) | **MOTION FOR PRELIMINARY** |
| ) | **INJUNCTION** |
| vs. ) | |
| ) | Case No. 4:12-cv-058 |
| Brian Laducer and Hon. Madonna ) | |
| Marcellais, in her official capacity as ) | |
| Chief Judge of the Turtle Mountain Band ) | |
| of Chippewa Indians Tribal Court, and ) | |
| Presiding Judge in <u>Brian Laducer v. DISH</u> ) | |
| <u>Network LLC</u>, Civil Action No. 09-10122, ) | |
| ) | |
| Defendants. ) | |

___

Before the Court is the plaintiff Dish Network Service LLC ("Dish Network")'s "Motion for Preliminary Injunction and Expedited Hearing," filed on June 29, 2012. <u>See</u> Docket No. 11. For the reasons explained below, the motion is denied.

**I.    BACKGROUND**

Defendant Brian Laducer is an enrolled member of the Turtle Mountain Band of Chippewa Indians and resides on the Turtle Mountain Indian Reservation in North Dakota. Dish Network provided television services to Brian Laducer at his home on the reservation. Dish Network subscribers are required to provide a credit card number. Brian Laducer provided the number of a credit card owned by his daughter, Lacey Laducer. Brian Laducer subsequently failed to pay Dish Network for their services and failed to return the equipment that Dish Network had installed. Dish Network then charged the credit card provided by Brian Laducer, which belonged to Lacey Laducer.

On April 21, 2009, Lacey Laducer filed a complaint against Dish Network in North Dakota state district court in Rollette County, North Dakota. See Case No. 4:09-cv-052, Docket No. 1-3. Lacey Laducer's complaint included two causes of action: conversion and consumer fraud. Dish Network removed the case to federal district court on August 21, 2009. See Case No. 4:09-cv-052, Docket No. 1. On September 1, 2009, Dish Network filed a third-party complaint against Brian Laducer in federal district court which included four causes of action: conversion, breach of contract, fraud, and implied indemnification. See Case No. 4:09-cv-052, Docket No. 4. On September 16, 2009, Lacey Laducer filed a motion to remand the case back to state district court. See Case No. 4:09-cv-052, Docket No. 6. On September 23, 2009, Brian Laducer filed a summons and complaint against Dish Network in Turtle Mountain Tribal Court. See Docket No. 1-1. On January 21, 2010, Dish Network filed a motion for default judgment against Brian Laducer on the third-party complaint. See Case No. 4:09-cv-052, Docket No. 11. On February 2, 2010, Brian Laducer filed a motion to dismiss the third-party complaint. See Case No. 4:09-cv-052, Docket No. 14. On March 8, 2010, this Court remanded the case back to the state district court and denied the motions for default judgment and to dismiss the third-party complaint as moot. See Case No. 4:09-cv-052, Docket No. 22.

On August 10, 2010, the state district court granted Dish Network's motion to join Brian Laducer as a third-party defendant. See Docket No. 1-2. Brian Laducer subsequently filed a motion for summary judgment on Dish Network's third-party complaint. On January 12, 2011, the state district court denied Brian Laducer's motion. See Docket No. 1-4. On September 13, 2011, the state district court determined it did not have jurisdiction and dismissed Lacey Laducer's complaint and Dish Network's third-party complaint. See Docket No. 1-5.

On October 26, 2011, the Tribal Court held a hearing on Dish Network's motion to dismiss Brian Laducer's complaint. On October 28, 2011, Tribal Court Judge Madonna Marcellais issued an order denying Dish Network's motion, stating:

> **THAT**, this Court decides the prevailing argument is under the first Montana exception which allows tribal jurisdiction over non-members when they enter into consensual relationships with the tribe or its members.
>
> **IT IS THE ORDER OF THIS COURT** that the Defendant's Motion to Dismiss for lack of subject matter jurisdiction over this abuse of process claim is hereby **DENIED**.

See Docket No. 1-6.

Dish Network appealed the Tribal Court's decision to the Turtle Mountain Tribal Court of Appeals. On February 7, 2012, the Tribal Court of Appeals dismissed Dish Network's petition. See Docket No. 1-7. The Tribal Court of Appeals stated:

> Dish Network has petitioned this Court for review of a decision of the lower court sustaining its jurisdiction over an abuse of process suit filed by Mr. Laducer against Dish Network. The Court has reviewed the matter and finds that although it has discretion to hear the matter at this time a full development of the record after trial would better aid the Court in determining the lower court's jurisdiction.

See Docket No. 1-7. A trial in the Turtle Mountain Tribal Court is currently scheduled to commence on August 28, 2012.

On May 18, 2012, Dish Network filed a complaint in federal district court against Brian Laducer and Judge Marcellais. See Docket No. 1. Dish Network seeks the following relief:

> 1. An injunction prohibiting the Defendant Brian Laducer from prosecuting and maintaining his claims against Plaintiff DISH relating to the action captioned *Brian Laducer v. DISH Network L.L.C.*, Civil Action No: CV-09-10122.
>
> 2. An injunction prohibiting Defendant Madonna Marcellais from entertaining or adjudicating claims against Plaintiff DISH relating to *Brian Laducer v. DISH Network L.L.C.*, Civil Action No: CV-09-10122.

    3.  For such other and further relief as the Court may deem appropriate.

<u>See</u> Docket No. 1.

  On June 29, 2012, Dish Network filed a "Motion for Preliminary Injunction and Expedited Hearing" under Rule 65 of the Federal Rules of Civil Procedure. <u>See</u> Docket No. 11. The motion states:

> Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff DISH Network Service L.L.C. ("DISH") hereby moves this Court to enjoin Defendant Brian Laducer, a member of the Turtle M ountain Band of Chippewa Indians (the "Tribe") from continuing to prosecute the case of *Brian Laducer v. DISH Network Service L.L.C.*, Civil Action No. 09-10122, in the Turtle Mountain Band of Chippewa Indians Tribal Court ("Tribal Court") and to enjoin Defendant Hon. Madonna Marcellais, Chief Judge of the Tribal Court, and the Presiding Judge in *Brian Laducer v. DISH* from continuing to adjudicate that case, until this Court has ruled on DISH's challenge to the subject matter jurisdiction of the Tribal Court.

<u>See</u> Docket No. 11. Dish Network contends the Tribal Court does not have jurisdiction because this dispute arises out of its service of third-party complaints on Brian Laducer. Dish Network argues the Tribal Court does not have jurisdiction under <u>Montana v. United States</u>, 450 U.S. 544 (1981) because Dish Network did not engage in activity on the reservation and its service of third-party complaints on Brian Laducer does not threaten tribal sovereignty.

## II. <u>LEGAL DISCUSSION</u>

  In determining whether preliminary injunctive relief should be granted, the court is required to consider the factors set forth in <u>Dataphase Sys., Inc., v. C L Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981). Whether a preliminary injunction or temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between

this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id.

It is well-established that the burden of establishing the necessity of a preliminary injunction is on the movant. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)).

### A. **IRREPARABLE HARM**

The plaintiff must establish there is a threat of irreparable harm if injunctive relief is not granted and that such harm is not compensable by money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing Northland Ins. Co. v. Blaylock, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)). "The 'mere possibility' that harm may occur before a trial on the merits is not enough." Johnson v. Bd. of Police Comm'rs, 351 F. Supp. 2d 929, 945 (E. D. Mo. 2004). The party that seeks injunctive relief must show that a significant risk of harm exists. Doe, 514 F. Supp. 2d at 1135 (citing Johnson, 351 F. Supp. 2d at 945). The absence of such a showing is sufficient grounds to deny injunctive relief. Id. (citing Gelco v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)).

Dish Network argues it will suffer irreparable harm if forced to litigate in Tribal Court because it will be required to expend substantial effort and resources. Dish Network alleges it will not be able to recover the money it must spend on the Tribal Court litigation. The Eighth Circuit

Court of Appeals has explained that a district court can presume irreparable harm if the movant has a likelihood of success on the merits. Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 505 (8th Cir. 1987) (citing Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753 (8th Cir. 1980)). Other courts have concluded a movant would suffer irreparable harm if forced to litigate in a Tribal Court that likely does not have jurisdiction. See Crowe & Dunleavy, P.C. v. Stidham, 640 F.3d 1140, 1157-58 (10th Cir. 2011) (finding the movant had demonstrated irreparable harm because the Tribal Court likely lacked jurisdiction and there would be no realistic way to recoup fees expended in Tribal Court). Dish Network would also suffer irreparable harm if forced to expend time, effort, and money in a forum that lacks juridiction. The Court finds this factor weighs in favor of granting a preliminary injunction.

### B.    BALANCE OF HARM

Dish Network argues the balance of harm weighs in its favor because it will be required to expend time and resources litigating in Tribal Court without a preliminary injunction. Dish Network contends Brian Laducer and Judge Marcellais would not suffer any harm if the Court granted a preliminary injunction because the Tribal Court proceedings would only be delayed. The Court finds that the balance of harms weighs in favor of Dish Network, and therefore this factor weighs in favor of granting a preliminary injunction.

### C.    PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits" the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors

the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113). At this preliminary stage, the Court does not decide whether the party seeking the preliminary injunction will ultimately prevail. PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007). Although a preliminary injunction cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113). The Eighth Circuit has also said that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of success on the merits is "most significant." S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The Plaintiffs argue the Tribal Court does not have jurisdiction and the exhaustion of tribal remedies is not required. It is well-established that principles of comity require that tribal court remedies must be exhausted before a federal district court should consider relief in a civil case regarding tribal-related activities on reservation land. Krempel v. Prairie Island Indian Community, 125 F.3d 621, 622 (8th Cir. 1997) (citing Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9 (1987); Nat'l Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845 (1985); Bruce H. Lien Co. v. Three Affiliated Tribes, 93 F.3d 1412 (8th Cir. 1996)).

Exhaustion of tribal remedies means that tribal appellate courts must first have the opportunity to review the determinations of the lower tribal courts. LaPlante, 480 U.S. 9, 17. In short, "[t]he tribal exhaustion doctrine is based on 'a policy of supporting self-government and self-determination,'" and although the rule is prudential rather than jurisdictional, "[e]xhaustion is mandatory . . . when a case fits within the policy." Gaming World Int'l, Ltd. v. White Earth Band

of Chippewa, 317 F.3d 840, 849 (8th Cir. 2003) (citing LaPlante, 480 U.S. 9, 20 n.14; Nat'l Farmers Union, 471 U.S. 845, 856; Duncan Energy Co. v. Three Affiliated Tribes, 27 F.3d 1294, 1300 (8th Cir. 1994); Burlington N. R.R. Co. v. Crow Tribal Council, 940 F.2d 1239, 1245 (9th Cir. 1991)).

Although the criminal jurisdiction of tribal courts is subject to substantial federal limitation, see Oliphant v. Suquamish Tribe, 435 U.S. 191 (1978), their civil jurisdiction is not so restricted. LaPlante, 480 U.S. at 15 (citing Nat'l Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 854-55 (1985). However, as a general rule, "absent express authorization by federal statute or treaty, tribal jurisdiction over the conduct of nonmembers exists only in limited circumstances." Strate v. A-1 Contractors, 520 U.S. 438, 445 (1997) (citing Oliphant, 435 U.S. 191; Montana, 450 U.S. 544). As the United States Supreme Court explained, "'the inherent sovereign powers of an Indian tribe' –those powers a tribe enjoys apart from express provision by treaty or statute– 'do not extend to the activities of nonmembers of the tribe.'" Id. at 445-46 (quoting Montana, 450 U.S. at 565). Notwithstanding,

> Indian tribes [do] retain inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands. A tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements. A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe.

Montana, 450 U.S. at 565-66 (citations omitted).

> Montana thus, described the general rule that, absent a different congressional direction, Indian tribes lack civil authority over the conduct of nonmembers on non-Indian land within a reservation, subject to two exceptions: <u>The first exception relates to nonmembers who enter consensual relationships with the tribe or its members; the second concerns activity that directly affects the tribe's political integrity, economic security, health or welfare</u>.

Strate v. A-1 Contractors, 520 U.S. 438, 446 (1997) (emphasis added).

This dispute implicates the first Montana exception. Dish Network argues this case involves no activity that took place on the reservation, and that it only concerns the filing of two third-party complaints against Brian Laducer. However, the contract between Dish Network and Brian Laducer lies at the heart of this protracted dispute. In his Tribal Court complaint, Brian Laducer alleges "Dish Network has taken advantage and abused the legal process to harm Mr. Laducer." Determining whether Dish Network abused the legal process will undoubtedly involve an examination of the contract between Dish Network and Brian Laducer. Dish Network voluntarily entered into a contract with Brian Laducer, an enrolled member of the Turtle Mountain Band of Chippewa Indians, to provide services on the reservation. By entering into a consensual contractual relationship with tribal members on tribal land, Dish Network subjected itself to the jurisdiction of the Tribal Court. This factor weighs against granting a preliminary injunction.

### D.   **PUBLIC INTEREST**

Avoiding duplicative legal proceedings in multiple venues is in the public interest. Preserving Tribal Court jurisdiction over non-members that enter into consensual relationships with tribal members is also a matter of public interest. This factor neither weighs in favor of nor against granting a preliminary injunction.

### III.   **CONCLUSION**

After carefully reviewing the entire record and the *Dataphase* factors, the Court finds that Dish Network has not met its burden of establishing the necessity of a preliminary injunction. More

9

important, the Court finds that Dish Network has not demonstrated a likelihood of success on the merits. This dispute arises out of Dish Network's consensual contractual relationship with Brian Laducer, a tribal member. Therefore, the first Montana exception applies. The Court **DENIES** the Plaintiff's motion for a preliminary injunction (Docket No. 11) and motion for hearing (Docket No. 16).

Finally, the Court notes that this dispute has lingered on in the tribal court, state court, and federal court for years. Common sense leads one to conclude that a tremendous amount of time, effort, and money has been expended on a relatively minor contractual dispute. The parties, with the exception of Judge Marcellais, are ordered to take part in an early settlement conference to be conducted by Magistrate Judge Charles S. Miller, Jr. within the next month.

Dated this 9th day of July, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court